51 CCPA
**Application of John A. DOW (Doris B. Dow, Trustee).**
**Patent Appeal No. 7059.**

United States Court of Customs and Patent Appeals.
Jan. 23, 1964.
Rehearing Denied March 2, 1964.

E. J. Balluff, Charles R. McKinley, Balluff & McKinley, Detroit, Mich., for appellant.

Clarence W. Moore, Washington, D. C. (Joseph Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

MARTIN, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claim 23, the only claim remaining in appellant's application serial No. 707,451, filed December 16, 1957 for HEAT TREATING FURNACE.

Claim 23 reads:

"In a heat treating furnace for processing work by heating the same in a controlled atmosphere, a furnace chamber having heat generating and work supporting means therein constructed and arranged relative to each other so that sufficient heat may be transferred by convection from said heat generating means to work arranged on said work supporting means so as to process such work, such heat generating means comprising a series of heating tubes each supported from and extending into said furnace chamber through a wall of said chamber, gas atomosphere [sic] generating means comprising a generator tube supported by and disposed coaxially within each of said heating tubes to define within each heating tube an annular combustion chamber the inner wall of which is provided by the generator tube and the outer wall of which is provided by said heating tube, each of said heating tubes having an inlet end disposed outside said furnace chamber and means supplying thereto a combustible fuel mixture to be burned in said combustion chambers for generating sufficient heat therein to heat said generator tubes, said furnace chamber and the work arranged therein to a temperature adequate to carry out such heat treating process, each heating tube and its generator tube forming a unit removable from said furnace chamber through said furnace chamber wall, each of said generator tubes having one end disposed outwardly beyond the inlet end of its heating tube to form an inlet through which gas is supplied to the interior of said generator tube, each generator tube having catalytic material therein and having an outlet in its other end communicating with said furnace chamber, said gas atmosphere generating means being operative for converting the gas supplied thereto in the presence of said catalyst and under the influence of the heat generated in said heating tubes into a gaseous atmosphere which is supplied through said generator tube outlets to said furnace chamber to come in contact with said heating tubes and said work, each of said heating tubes having the entire exterior surface of the portion disposed in said furnace chamber freely exposed to the gas atmosphere in said chamber for the circulation of such atmosphere thereover, and being disposed around its associated generator tube to shield the latter from the atmosphere in said furnace chamber whereby said gas atmosphere generating means is operated at a temperature exceeding that of said atmosphere, and a fan for circulating the gas atmosphere in said chamber over said heating tubes and over said work for transferring heat to said work in order to carry out such process."

The invention relates to a radiant tube, controlled gas atmosphere, heat treating furnace useful for heat treating operations, e. g., annealing steel parts, in such

a manner as to avoid decarburization thereof. The furnace of the invention is one in which the controlled gas generator is built into and forms a part of each of the radiant tubes which are provided for heating the furnace.

Reproduced below are Figs. 1 and 2 of appellant's application:

Fig. 1 is a vertical sectional view of a furnace while Fig. 2 is an enlarged sectional fragmentary view of a radiant tube and gas generator taken generally along line 2–2 of Fig. 1.

Referring to Figs. 1 and 2, appellant's furnace comprises enclosing walls 10 of a refractory material which define chamber 12. Chamber 12 is provided with suitable work holders at 14 and a number of radiant tubes 16 suitably arranged so as to obtain the desired working temperature conditions in chamber 12. Each of tubes 16 projects laterally into chamber 12 through a side wall thereof.

The members 16 comprise a U-shaped tube having legs 20 and 22 connected by a return bend 24. The end of leg 20 projecting from the furnace has an air supply pipe 26 and a gas supply pipe 28 connected thereto whereby controlled proportions of air and gas are supplied under pressure to the interior of the tube leg 20.

The open end 30 of tube leg 22 provides a vent for the products of combustion exteriorly of chamber 12. Each of tubes 16 is mounted on a bulkhead support 32 which is suitably affixed to the outside of furnace wall 10. Each leg 20 and 22 of each tube 16 has a tube 34 arranged therein and in spaced relation with the inside wall of tube legs 20 and 22. The space between the outside of tubes 34 and the inside of the tube legs 20 and 22 constitute a combustion chamber for the gas-air mixture supplied to the tube leg 20 through the pipes 28 and 26.[1] One end of each of the tubes 34 extends through the wall of the return bend 24 and is provided with a gas outlet 36. The other ends 37 of the tubes project beyond the ends of tube legs 20 and 22 and are adapted to be supplied with a closely controlled suitable mixture of gas and air under pressure. The tubes 34, filled with catalyst 38, provide retorts in which gas

supplied thereto in the presence of the catalyst 38 and under the influence of the heat generated in tube 16 produce a gas of proper analysis for the process being carried out in chamber 12, such gas being discharged into chamber 12 through outlet gas openings 36.

The examiner rejected claim 23 on the ground of res judicata on the basis of an earlier decision of the board in appellant's parent application serial No. 670,-436 which affirmed the examiner's rejection of claim 46 in that parent application.[2] The examiner is now taking the position that claim 23 does not patentably distinguish from claim 46.

The board sustained the examiner's rejection of claim 23 on the ground of res judicata concluding that there is no "patentable difference" between claim 23 and claim 46.

Claim 46 of the parent application reads:

"In a heat treating furnace for processing work by heating the same in a controlled atmosphere, a heat insulated work receiving furnace chamber having heat generating and work supporting means therein constructed and arranged relative to each other so that sufficient heat may be transferred by convection from said heat generating means to work arranged on said work supporting means to so process such work, such heat generating means comprising a series of radiant tubes disposed in said chamber, means for generating sufficient heat in said tubes to heat said furnace chamber and said work arranged therein to a temperature adequate to carry out such heat treating process, gas atmosphere generating means comprising a generator tube disposed within each of such radiant tubes so as to be heated directly by the heat generated there-

---

1. The burning of the gas-air mixture in that combustion chamber generates the heat for heating chamber 12.

2. Following the decision of the board in the parent application, a civil action was filed

in the District Court for the District of Columbia involving the board's affirmance of the examiner's rejection of claim 46. Later on, however, that civil action was dismissed with prejudice by stipulation of counsel.

in, each of said generator tubes being provided with means for supplying gas to the interior at one end thereof and having catalytic material therein and an outlet at the other end thereof communicating with said furnace chamber, said gas atmosphere generating means being operative for converting the gas supplied thereto in the presence of said catalyst and under the influence of said heat generated in said radiant tubes into a gaseous atmosphere which is supplied through said generator tube outlets to said furnace chamber to come in contact with said radiant tubes and said work, each of said radiant tubes being disposed around its associated generator tube so as to shield the latter from the atmosphere in said furnace chamber whereby said gas atmosphere generating means is operated at a temperature exceeding that of said atmosphere, said radiant tubes being constructed and arranged to provide a common means of operatively heating said furnace chamber, the work therein, and said gas atmosphere generating means, and a fan for circulating the gas atmosphere in said chamber over said radiant tubes and over said work for transferring heat to said work in order to carry out such process."

Appellant states that a comparison of claim 23 with claim 46 discloses that claim 23 includes the following limitations not included in claim 46:

1. A gas generator tube (34) supported by and disposed coaxially within each of said heating or radiant tubes 16 to to define therewith an annular combustion chamber, the inner wall of which is provided by the generator tube (34);

2. Each heating tube (16) and its generator tube (34) forming a unit removable from the furnace chamber (12) through a wall (10) of the furnace chamber.

3. Each heating tube (16) having its inlet end (30) disposed outside the furnace chamber.

4. The generator tube (34) having its inlet end (37) disposed outwardly beyond the inlet end of its heating tube (30);

5. Each heating tube (16) having its entire exterior surface freely exposed to the gas atmosphere in the furnace chamber.

Appellant argues that the board erred in holding that the limitations of claim 23 not present in claim 46 would be obvious to a person having ordinary skill in the art to which the subject matter pertains.

The narrow and precise issue is simply this: do the limitations in claim 23, not found in claim 46, patentably distinguish claim 23 over claim 46? We believe, after a careful analysis of each of the cited limitations, that the answer must be in the negative.

Limitation 1:

We think that the board was correct in its conclusions as expressed in the following excerpt from the opinion:

"The first feature is a requirement that a generator tube be 'supported by and disposed coaxially within' each heating tube to define therewith an annular combustion chamber whose inner wall is provided by the generator tube. Claim 46 disposes a gas generator tube within each heating or radiant tube so as to be heated directly by the heat generated in the latter, which is 'disposed around its associated generator tube'. With this arrangement of parts we believe a skilled worker would normally place the inner tube coaxially within the radiant tube in order to insure uniform heating of the inner gas generating tube by the surrounding hot gases, and as a simple means to this end would support the inner tube from the outer one.

Limitation 2:

Since we consider a gas generator supported by and disposed coaxially within each heating tube obvious to a worker in the art, it is only to be expected that such

a tube assembly would be made removable as a unit.

Limitation 3:

We think the limitation that each heating tube has its inlet end disposed outside the furnace chamber would be obvious to the worker in the art. It would be apparent to him that such feature would not only allow for easy removability of the heating tube but also would enable one to make a ready connection to the means for generating the heat in the heating tube.

Limitation 4:

Claim 46 states that the generator tubes are "provided with means for supplying gas to the interior at one end thereof." Claim 46 also requires that each of said heating tubes is "disposed around its associated generator tube so as to shield the latter from the atmosphere in said furnace chamber." We think that both of those recited features in claim 46 would clearly suggest extending the inlet end of the generator tube beyond the surrounding heating tube in order to make for easy connection of the former to a gas supply.

Limitation 5:

Claim 46 states that the heating tubes for the furnace are disposed in the furnace chamber. It further requires that each of the heating tubes be "disposed around its associated generator tube so as to shield the latter from the atmosphere in said furnace chamber." We think that following those express recitals would inherently result in each heating tube having substantially "its entire exterior surface" freely exposed to the gas atmosphere in the furnace chamber.[3]

Since we believe the limitations in claim 23, not found in claim 46, do not

patentably distinguish claim 23 from claim 46, the decision of the board is affirmed.

Affirmed.

SMITH, Judge, concurs in the result.

---

3  In this connection it would seem from the drawing that the *entire* exterior surface of the heating tube is not freely exposed to the gas in the furnace. We note that a portion of the exterior surface of the heating tube is shielded by the wall of the furnace.